UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL
                                            ACTION

VERSUS                                      NO: 13-196

CALVIN BATISTE, JR.                         SECTION: J(2)

## ORDER AND REASONS

Before the court is a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* (**Rec. Doc. 31**) filed by Defendant, Calvin Batiste, Jr. ("Batiste"), as well as an *Opposition* by the United States of America ("the Government") (**Rec. Doc. 35**), and Batiste's *Reply* (**Rec. Doc. 39**). Having considered the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the application should be **DENIED.**

## PROCEDURAL AND FACTUAL BACKGROUND

On October 25, 2013, Batiste pled guilty to Count One of the *Indictment* (Rec. Doc. 10) pursuant to a plea agreement (Rec. Doc. 21). Count One charged Batiste with knowingly and intentionally possessing with the intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 846. At his rearraignment hearing, Batiste waived both his right to trial by jury as well as a formal reading of the indictment. Batiste then entered a plea of guilty pursuant to a written *Factual Basis* (Rec.

1

Doc. 20), which he had acknowledged, sworn to, and signed. The Court accepted Batiste's plea of guilty after Batiste verified under oath the truth of the matters set forth in the *Factual Basis*.

The *Factual Basis* sets forth that a source of information contacted the DEA and notified the agent with whom he spoke that Batiste was looking for a source of cocaine. A meeting was scheduled, and on March 11, 2013, Batiste met with the DEA agent and agreed to purchase 5 kilograms of cocaine hydrochloride for a heavily discounted price of $26,500. As part of the deal, Batiste was advised that he would pay for 2.5 kilograms of the drugs up-front at the next meeting and would be "fronted" the additional 2.5 kilograms. The parties further agreed that Batiste would have 48-hours from the next meeting to pay for the "fronted" 2.5 kilograms. On August 9, 2013, Batiste again met with the DEA agent to conduct the transaction. At the meeting, Batiste came equipped with a "large amount of U.S. currency in a pouch," which Batiste advised the DEA agent was enough to cover the agreed-upon 2.5 kilograms for which payment was due. The agent then asked Batiste to text him where he would like the 5 kilograms to be delivered. At this point, Batiste was taken into custody.

21 U.S.C. § 841(b)(1)(A) imposes a mandatory minimum of ten-years imprisonment for possession with intent to distribute five kilograms or more of a substance containing cocaine. Because Batiste has a previous felony drug conviction, under this statute

he would have been subject to a mandatory minimum of twenty-years imprisonment. However, as part of Batiste's plea agreement, the Government agreed to charge Batiste in the indictment with possession with the intent to distribute an un-quantified amount of cocaine hydrochloride in violation of 21 U.S.C. § 846.

According to the Pre-Sentence Report, Batiste was subject to a sentencing guideline range of 97-121 months imprisonment. Batiste was sentenced by this Court on January 23, 2014 to a term of 97 months imprisonment. Batiste did not appeal this sentence, but filed the instant motion to vacate his sentence on October 6, 2014.

### PARTIES ARGUMENTS

In his motion, Batiste sets forth several arguments in support for why his sentence should be vacated. First, Batiste argues that he was denied effective assistance of counsel because his lawyer improperly advised him to accept a plea agreement which included an element of a crime that was not included in the indictment. Specifically, Batiste asserts that his plea agreement references the quantity of drugs which he was found to possess at the time of his arrest, when this quantity remained unnamed in his indictment. Second, Batiste argues that his counsel was ineffective by failing to request a sentencing reduction based on the quantity which he actually possessed. Batiste contends that the Government engaged in "sentencing entrapment" by "fronting" Batiste an additional 2.5 kilograms for which he didn't actually pay, simply to ensure he

received a higher sentence. Batiste argues that his counsel's failure to object to his sentence on this basis constituted ineffective assistance.

In response to this argument, the Government contends that Batiste expressly agreed as part of his plea agreement not to be indicted for the crime of 21 U.S.C. § 841(b)(1)(A) for possession of 5 kilograms of cocaine hydrochloride, so as to avoid a mandatory minimum of twenty years imprisonment. As such, the Government agreed to charge Batiste with possession of an unspecified quantity of cocaine hydrochloride. Contrary to Batiste's assertions, the Government notes that Batiste's plea agreement is aptly supported by a Factual Basis which details the specifics of Batiste's crime, and which was sworn to and signed by Batiste himself. Additionally, the Government contends that Batiste has failed to show ineffective assistance of counsel, as his lawyer's conduct of which he complains involved a decision on strategy and tactics, which requires proof that such a decision "permeates the entire process with obvious unfairness." (Rec. Doc. 35, p. 4). Because Batiste has failed to make such a showing, the Government maintains that his argument is without merit.

Batiste also raises a number of other arguments in support of his motion to vacate. Batiste submits that the Government's conduct in initiating contact with him and persuading him to purchase cocaine constituted entrapment and violated his due process rights.

4

Specifically, Batiste argues that the government's conduct in agreeing to sell him 2.5 kilograms outright and "fronting" him an additional 2.5 kilograms was performed to increase his ultimate sentence and constituted "sentencing entrapment." Finally, Batiste argues that the Court miscalculated the Sentencing Guidelines applicable to his offense. Batiste argues that by considering the 2.5 kilograms which he was "fronted" by the Government, the Court considered irrelevant conduct, in which Batiste alleges he was not directly involved. As such, Batiste submits that his sentencing guideline range was calculated by the Court to be much higher than it should have been.

The Government jointly addresses these additional arguments by asserting that they are procedurally barred. Because Batiste failed to appeal his sentence on these grounds, the Government argues that he is precluded from raising these issues of "claims of error" on collateral review unless he is able to show "cause and prejudice." The Government asserts that Batiste is unable to satisfy this strict standard because he cannot show any prejudice suffered as a result of his plea agreement and subsequent sentence.

## DISCUSSION

### A. Ineffective Assistance of Counsel

As an initial matter, it is important to note that Batiste has used the proper procedural vehicle to assert his arguments for ineffective assistance of counsel. A motion to vacate, set aside,

or correct a sentence pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence," for cognizable errors that occurred "at or prior to sentencing." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citing *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Here, Batiste seeks modification of his sentence based on alleged errors of his counsel which occurred during his plea negotiations, as well as sentencing. Additionally, Batiste's present motion is timely, as it was filed within one-year of the date his conviction became final. *See* 21 U.S.C. § 2255(f) (2008). As such, the Court will consider the merits of Batiste's arguments regarding ineffective assistance of counsel as contained in his motion.

In order to obtain a reversal of a conviction due to ineffective assistance of counsel, the United States Supreme Court has developed a two-prong standard which the petitioner must meet. *Strickland v. Wash.*, 466 U.S. 668, 687 (1984). First, the petitioner must show that the counsel's performance was "deficient," and second, the petitioner must demonstrate that he was actually prejudiced by the counsel's deficient performance. *Id.* at 688.

In order to establish deficient performance, the petitioner must show that "the counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Supreme Court in *Strickland* has noted that "an attorney's

strategic choices . . . are virtually unchallengeable." *Id.* at 691.

Consistent with this standard:

> [S]crutiny of counsel's performance "must be highly deferential," and the Court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance."

*U.S. v. Burkhalter*, No. 07-408, 2011 WL 1191493, at *3 (Mar. 24, 2011) (Africk, J.) (citing *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999)).

In order to demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *U.S. v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (citing *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994)).

Because a petitioner must satisfy both prongs of the *Strickland* test, it is unnecessary for a court to address the prongs in a specific order, or even to address both prongs. *Burkhalter*, 2011 WL 1191493 at *3 (citing *Strickland*, 466 U.S. at 697). Here, Batiste has raised several arguments regarding his alleged denial of effective counsel. First, Batiste argues that his

counsel erred by advising him to accept a plea agreement involving elements of a crime which were not contained in the indictment. Namely, Batiste asserts that he was prejudiced by accepting a plea with a factual basis which acknowledges that he sought to purchase 5 kilograms of cocaine hydrochloride, when the indictment does not reference a specific quantity. However, the Government contends that the indictment does not state a specific quantity expressly because of the plea agreement. By charging Batiste with a crime regarding an unquantified amount of drugs, the Government would ensure Batiste would not be subject to the twenty-year mandatory minimum sentence imposed for previously convicted felons in possession with the intent to distribute 5 kilograms of cocaine hydrochloride under 21 U.S.C. § 841(b)(1)(A). In light of this, it is clear that Batiste's attorney made a "strategic decision" to advise Batiste to accept the plea, which resulted in a sentence that was more than ten years shorter than the mandatory twenty-year sentence he would have received if found guilty under 21 U.S.C. § 841(b)(1)(A). Considering that Batiste's counsel engaged in a strategic decision which ultimately greatly benefitted his client, the Court finds that Batiste has failed to prove either that his counsel acted deficiently or that his conduct resulted in any prejudice.

Batiste also argues that his attorney acted deficiently by failing to object to Batiste's sentence on the basis that he was

sentenced for a quantity of drugs which was greater than the amount he actually purchased. Batiste bases this argument on his idea that the Government conducted "sentencing entrapment" by actually selling him 2.5 kilograms and fronting him an additional 2.5 kilograms in order to ensure he received a greater sentence. The Court also finds this argument to be without merit. As noted by Batiste in his motion, the indictment to which he pled guilty does not charge him with a quantifiable amount of drugs. Because this objection would be meritless, Batiste's counsel was not ineffective in declining to raise it, as it would have had no impact on the ultimate outcome of Batiste's sentence.

Batiste is unable to show either that his counsel acted deficiently or that this conduct caused him any prejudice. As such, Batiste has failed to satisfy the *Strickland* test, and a modification of his sentence on this basis is unwarranted.

**B. Batiste's Remaining Arguments**

In addition to his claims for ineffective assistance of counsel, Batiste asserts that the Government's conduct was so outrageous, by constituting both entrapment and "sentencing entrapment," as to violate his due process rights. Batiste also contends that the Court erred in calculating his sentence in light of this alleged "sentencing entrapment," because in calculating the guideline range, the Court improperly considered the 2.5 kilograms which Batiste was "fronted."

First, Batiste improperly attempts to assert a defense of entrapment during a collateral challenge to his sentence. It has been widely recognized that entrapment is "merely a matter of defense, which must be raised at trial," and may not be asserted in motions for post-conviction relief. *Moore v. U.S.*, 334 F.2d 25, 27 (5th Cir. 1964) (citing *Kaye v. U.S.*, 235 F.2d 187 (6th Cir. 1956); *Stanley v. U.S.*, 239 F.2d 765 (9th Cir. 1957); *Way v. U.S.*, 276 F.2d 912 (10th Cir. 1960);  *Ellison v. U.S.*, 283 F.2d 489 (10th Cir. 1960)). Here, as part of his plea agreement, Batiste knowingly waived his right to trial, and thus his right to assert any affirmative defenses which may have been raised at trial, including entrapment. As such, the present §2255 motion is an improper vehicle for Batiste to raise the argument of entrapment.

Second, Batiste has also erred in asserting his argument regarding the Court's alleged miscalculation of the sentencing guidelines in his § 2255 motion. Any challenge to the application of the Sentencing Guidelines is not cognizable in a § 2255 motion to vacate, set aside, or correct a sentence. *U.S. v. Larry*, 312 F.App'x 660, 661 (5th Cir. 2009) (citing *U.S. v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998)). As Batiste's remaining arguments regarding entrapment and the Court's alleged misapplication of the Sentencing Guidelines were improperly raised in his § 2255 motions, the Court finds it unnecessary to discuss the merits of these arguments.

10

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion Under 28 § 2255 to Vacate, Set Aside, or Correct Sentence* **(Rec. Doc. 31)** is **DENIED.**

New Orleans, Louisiana this 29th day of January, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE